UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


DANIEL EVERETT SNODGRASS


Plaintiff,


v.                                                    Case No. 3:20-cv-225-J-34JRK


THE MEDICAL/DENTAL FACILITY
AT THE REGIONAL MEDICAL CLINIC,


Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Daniel Snodgrass, an inmate of the Florida penal system, initiated this action on March 5, 2020, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. Snodgrass names the "medical/dental facility at the Regional Medical Clinic" as the sole Defendant. Snodgrass asserts that Defendant violated his Fourteenth and Eighth Amendment rights under the United States Constitution as well as various state and federal civil and criminal laws and procedures. As relief, Snodgrass requests compensatory and punitive damages as well as court costs and fees.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A.  Additionally, the Court

must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 328 (1989)). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted).

In his Complaint, Snodgrass alleges that he received poor dental and medical care at the Regional Medical Clinic (RMC) from March 27, 2019, through December 9, 2019. Petition at 4. Snodgrass asserts that Defendant's employee, an unnamed dentist, cut a large hole in his mouth and sinus cavity but "ignored the bleeding" and damage. Id. According to Snodgrass, it took four surgeries and one operation to correct the error. Id. The Court notes that Snodgrass raised a substantially similar claim in a previous civil rights action, case number 3:20-cv-134-J34MCR, in which Snodgrass sued the dentist and Regional Medical Clinic. This Court dismissed that complaint without prejudice pursuant to § 1915(e)(2)(B). See Snodgrass v. Dr. Nathaniel Williams, et al., 3:20-CV-134-J34MCR (Docket #6). For much the same reasons the Court dismissed Snodgrass' complaint in that action, the instant Complaint is due to be dismissed.

As the Court previously advised Snodgrass, RMC is not considered a legal entity amendable to suit. See id. at 3. The law of the state in which the district court sits determines whether a party has the capacity to be sued. Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "A correctional facility or the jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." Monroe v. Jail, 2:15-cv-729-Ftm-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015). Snodgrass' designation of the dental and medical facilities of RMC does not alter the fact that he is suing RMC. See Moxley v. Coursey, No. CV 111-024, 2012 WL 3260264, at *3 (S.D. Ga. July 17, 2012), report and recommendation adopted, No. CV 111-024, 2012 WL 3257890 (S.D. Ga. Aug. 8, 2012) ("Plaintiff may only bring § 1983 claims against particular individuals whose conduct

violates his constitutional rights, and he may not proceed with claims against a general group, such as the entire nursing staff of a jail."). As Defendant is not a legal entity that can be sued, Snodgrass fails to state a § 1983 claim upon which relief may be granted. Therefore, the Complaint is due to be dismissed without prejudice.

Accordingly, it is

**ORDERED:**

1.     This case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.     The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of March, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

c:  Daniel Snodgrass #134886

4